IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSIE L. MARTIN, | ) | |
|     Petitioner, | ) | Civil Action No. 18-269 Erie |
| | ) | |
| v. | ) | |
| | ) | Judge Susan Paradise Baxter |
| MARK K. WILLIAMS, | ) | |
|     Respondent. | ) | |

## MEMORANDUM[1]

Pending before the Court is the petition for a writ of habeas corpus (ECF No. 1) filed by federal prisoner Jessie L. Martin ("Petitioner") pursuant to 28 U.S.C. § 2241. For the reasons that follow, the Court will dismiss the petition.

## I.

**A.**     **Relevant Background**

Petitioner is a federal inmate who is incarcerated at the Federal Correctional Institution McKean ("FCI McKean"), which is located within the territorial boundaries of this Court. His projected release date is February 11, 2021. In his petition for a writ of habeas corpus, he claims that the Bureau of Prisons ("BOP"), through a Disciplinary Hearing Officer ("DHO"), wrongfully disallowed 60 days of good conduct time as a result of misconduct he was found to have committed in 2011. (ECF No. 1 at 4). Petitioner argues that the sanctions for his misconduct are outside policy guidelines, and requests that the Court order the BOP to restore his good conduct time. (Id.)

---

[1]     On September 14, 2018, the undersigned was sworn in as a United States District Judge. This action was reassigned to this Court's docket on September 21, 2018.

1

Respondent filed an answer to the petition (ECF No. 5) in which he asserts that the Court should dismiss the petition because, *inter alia*, Petitioner failed to exhaust his available administrative remedies. Petitioner filed a reply (ECF No. 7), but in it he did not address Respondent's argument on exhaustion.

**B.    Discussion**

A federal prisoner seeking habeas corpus relief under § 2241, such as Petitioner is in this case, must bring that action in his custodial court (the federal district court in the district in which he is incarcerated). Bruce v. Warden Lewisburg USP, 868 F.3d 170, 178 (3d Cir. 2017). In the Third Circuit, federal prisoners may litigate in a § 2241 habeas petition certain matters that affect the duration of their custody, such as, for example, a challenge to a BOP disciplinary action that resulted in the loss of good conduct time credits. Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008). Therefore, this Court has jurisidiction to consider Petitioner's claim.

In order to obtain federal habeas relief under § 2241, a federal prisoner must have first exhausted the BOP's administrative remedies. See, e.g., Vasquez v. Strada, 684 F.3d 431, 433 (3d Cir. 2012) (citing Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996)). The administrative remedy procedure is set forth at 28 C.F.R. § 542.10 *et seq.*, and provides formal review of any complaint that relates to any aspect of the inmate's confinement. Under this process, inmates are encouraged to first attempt resolution of their complaints informally by addressing the matter with a member of their Unit Team. 28 C.F.R. § 542.13. If informal resolution is insufficient to resolve the matter, the inmate may file a formal complaint with the Warden within 20 days of the date on which the basis of the complaint occurred. 28 C.F.R. § 542.14. If the inmate is not satisfied with the Warden's response, he or she may appeal the response to the Regional Director within 20 days of the date of the Warden's response. 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the Region's response, he or she may file a Central Office Appeal with the BOP Office of General Counsel in Washington, D.C. within 30 days of

2

the date of the Region's response. 28 C.F.R. § 542.15. Appeal to the Office of General Counsel is the final administrative appeal in the BOP.

The exhaustion requirement is mandated because it promotes the important goals of: (1) providing the BOP with the opportunity to correct its own errors before the federal court becomes involved, thus fostering administrative autonomy; (2) permitting the BOP to grant the relief requested if such relief is warranted, which conserves judicial resources; and, (3) allowing the BOP the opportunity to develop a factual record and apply its expertise, which facilitates judicial review in the event such review is required. Moscato, 98 F.3d at 761-62.

Respondent has demonstrated that Petitioner did not exhaust his available administrative remedies. Petitioner's DHO hearing was held on March 14, 2011. The DHO determined that he committed the prohibited act of Possession of a Hazardous Tool. Among the sanctions the DHO imposed was the forfeiture of 60 days of non-vested good conduct time. (ECF No. 5 at 2-4). Petitioner filed an appeal of the DHO's determination (Administrative Remedy No. 635593) with the Northeast Regional Office. That appeal was denied on May 12, 2011. (ECF No. 5-3 at 4). Petitioner did not appeal this decision to the BOP's Central Office.

More than seven years later, in June 2018, Petitioner again tried to file an appeal with the Northeast Regional Office regarding the matter. (ECF No. 5-3 at 13). On June 19, 2018, the appeal was rejected and Petitioner was advised that the Northeast Regional Office had responded to the appeal many years earlier, on May 12, 2011, and that he had had 30 days to appeal that determination to the Central Office. (Id.) Petitioner appealed this remedy to the BOP Central Office on July 11, 2018. (ECF No. 5-3 at 13). On July 27, 2018, the appeal was rejected for being untimely (by approximately 2, 617 days) (Id. at 14).

Because Petitioner failed to exhaust his available administrative remedies, the Court will dismiss his claim for relief under § 2241. Vasquez, 684 F.3d at 434 (district court properly dismissed federal prisoner's § 2241 petition because he failed to exhaust his administrative remedies); Garcia v. United States, 518 F. App'x 78, 79 (3d Cir. 2013) (same); Wilson v. Strada, 474 F.App'x 46, 48 (3d Cir. 2012) (same).

## II.

Based upon all of the foregoing, the petition for a writ of habeas corpus is dismissed.[2] An appropriate Order follows.

Dated: February 28, 2019

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

---

[2] 28 U.S.C. § 2253 sets forth the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the dismissal of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012).